UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                             Case No. 14-45654

AMERICO CARVALHO, JR.,                    Chapter 7

                          Debtor.                            Judge Thomas J. Tucker
_____/

**OPINION REGARDING THE CHAPTER 7 TRUSTEE'S APPLICATION FOR
AUTHORITY TO EMPLOY AND COMPENSATE DETROIT FENCE COMPANY**

**I. Introduction**

This case is before the Court on the motion filed by the Chapter 7 Trustee entitled "Application for Authority to Employ and Compensate Detroit Fence Company" (Docket # 89, the "Motion"). The Debtor objected to the Motion, as did three creditors of the Debtor's wholly-owned corporation, GJL Enterprises, Inc., namely Janet L. Godfrey (who is also the Debtor's wife); Downriver Public Warehouse & Storage, LLC; and International Scrap Processing, Inc. d/b/a/ Pita Metals. The Court held an initial hearing on the Motion on June 3, 2015, and then held an evidentiary hearing on June 8, 2015, and took the Motion under advisement. For the following reasons the Court will deny the Motion, but without prejudice to the extent stated below.

**II. Jurisdiction**

This Court has subject matter jurisdiction over this bankruptcy case and this contested matter under 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1), and Local Rule 83.50(a) (E.D. Mich.). This is a core proceeding under 28 U.S.C. §§ 157(b)(1), 157(b)(2)(A), and 157(b)(2)(O).

**III. Discussion**

The Trustee, in exercising the rights of the Debtor in his capacity as the sole shareholder

of GJL Enterprises, Inc. ("GJL"), seeks an order authorizing the Trustee to use $11, 500.00 of GJL's funds to hire Detroit Fence Company to install a temporary, 6 foot high, chain link fence approximately 1,400 feet long, to be placed around the real property owned by GJL located at 111 Military Street in Detroit (the "Military Propery").  The purpose of the fence is to try to secure the Military Property against trespassers coming onto the property.  The purposes of this, in turn, include trying to obtain a regulated area (*i.e.*, an area free of unauthorized persons) around the Military Property while it undergoes necessary asbestos remediation work (and this, in turn, is to allow and facilitate the asbestos remediation work); to avoid potential injury to members of the public caused by trespassers being exposed to asbestos from walking on the property or going into the partially-demolished building on the property; to avoid potential injury to trespassers falling into the exposed basement area of the partially-demolished building; and to prevent or lessen the dumping of debris on the property by third persons.

As part of the Motion, the Trustee does *not* propose to hire any security personnel to watch over the Military Property at any time, in order to protect the proposed fence from being removed or vandalized, in whole or in part, by unauthorized persons wanting to sell the metal in the fence for scrap.  Nor does the Trustee propose to obtain insurance against damage to or loss of the proposed fence, caused by so-called scrappers.  No evidence was presented about the feasibility or cost of such precautions.

What will happen if the Trustee installs the proposed fence on the Military Property, *without* providing security to protect the fence?  Based on the evidence presented, including the history of this very property, the Court finds it highly likely that very soon after the fence is installed, and well before the asbestos removal work (estimated to take two months) can be

completed, the fence will be removed, substantially or completely, by unauthorized persons wanting to sell the metal in the fence for scrap. Thus, the Court finds that it is highly likely that if the Motion is granted, the $11,500.00 of GJL's funds that the Trustee spends to install the fence soon will turn out to be substantially or completely wasted.

The Court appreciates that the Trustee is in a difficult position in trying to liquidate the Military Property, ultimately for the benefit of the creditors of the bankruptcy estate in the Debtor Americo Carvalho's Chapter 7 bankruptcy case. But the Court finds and concludes that the relief sought by the Trustee's present Motion is not in the best interests of the creditors or the estate in this Chapter 7 case, and that the Court should overrule the Trustee's business judgment in this instance.

**IV. Conclusion**

For these reasons, the Court will enter an order denying the Trustee's Motion. As the Order will say, however, the denial of the Motion is without prejudice to the Trustee's right to file a new motion seeking authority to install such a fence, using GJL funds or financed on a secured basis by GJL property, if the Trustee also proposes as part of such a new motion appropriate and reasonable measures to protect GJL from the likelihood of its funds or property being wasted.

**Signed on June 9, 2015**  /s/ Thomas J. Tucker
　　　　　　　　　　　　　　　　　　　　**Thomas J. Tucker**
　　　　　　　　　　　　　　　　　　　　**United States Bankruptcy Judge**